## McCORD v. BOYD, et al., use, &c.

1. The clerk's fees for making out the transcript upon a writ of error to the supreme court, are not taxed as part of the costs of the supreme court, but should be taxed as costs accruing upon the judgment in the primary court.

McCord v. Boyd, et al.

Error to the County Court of Lowndes.

THIS was an action of debt at the suit of the defendants on a bond executed by the plaintiff, and Abram Borland, on the 16th April, 1844, in the penal sum of four thousand dollars, for the prosecution of a writ of error, by which the record and proceedings of a cause in chancery were returned to this court for revision. The declaration is on the penalty of the bond, without noticing the condition.

The defendant craved oyer of the bond and condition, set them out *in extenso*, and pleaded that his principal, Borland, had well and truly observed, performed, fulfilled and kept all and singular, the articles, clauses, payments and agreements specified in the condition, according to their tenor and effect, true intent and meaning, &c. To this the plaintiff replied, that Borland did sue out and prosecute the writ of error, and the supreme court did adjudge that the decree in the chancery cause be affirmed against him, and that the plaintiff in this suit recover of the defendant and his principal, Borland, the costs of the supreme court upon the writ of error, amounting to the sum of $200; of all which the defendant had notice. Yet the defendant, or Borland, although often requested to pay these costs, have hitherto refused to pay the same, by reason whereof the obligation of 'their bond is forfeited, &c. The defendant rejoined, alledging the payment of all the costs of the supreme court, and the judgment which was rendered by that court. On the issue thus made, the cause was submitted to a jury, who returned a verdict in favor of the plaintiff, for $72, and judgment was thereon rendered.

From a bill of exceptions sealed at the defendant's instance, it appears that the beneficial plaintiff is the register of the court of chancery sitting in Lowndes, that he had taken the bond in suit, issued the writ of error and citation to the defendant in error; that he made out and delivered with these, a transcript of the record to Borland. All which were duly filed in the supreme court, and the decree of the court of chancery affirmed. It was also proved, that the legal charges of the register for making out the transcript, was $72,

96

which had not been taxed or paid. The defendant objected to all this evidence, but his objection was overruled, and the same was allowed to go to the jury.

It was further shown, that Borland, (who was now dead,) paid all the costs taxed by the supreme court, which included all that are usually charged in cases of this kind. But the register had not been paid for making out the transcript for Borland; nor were his fees for this service included in the bills of costs in the supreme or chancery courts—every other demand for costs had been fully satisfied.

The court charged the jury, that the plaintiffs were entitled to recover of the defendant whatever it was worth to make out the transcript for the supreme court. The questions arising upon the admission of the evidence, and the charge to the jury, are duly reserved, and now presented for revision.

J. M. BOLING, for the plaintiff in error, cited 4 Pick. Rep. 465; 11 Id. 143; 2 Tidd's Prac. 1215; 1 Barb. Ch. Prac. 347, et seq.

N. COOK, for the defendants in error, cited 1 Stew. Rep. 10; 2 Id. 509: 2 Port. Rep. 493; Clay's Dig. 285, § 4; 308, §§ 11, 13; 306, § 1; 307, § 6; 309, §§ 19, 21; 310, §§ 22, 26.

COLLIER, C. J.—It is provided by the act of 1820, that no judgment shall be suspended, unless the party applying for the writ of error, shall execute a bond with sufficient security to the adverse party, to be approved by the clerk, conditioned for prosecuting the writ of error to effect, and to pay and satisfy the judgment which shall be rendered in the cause by the supreme court. [Clay's Dig. 307, § 6.] The condition of the bond in the case before us, is in strict conformity to this enactment, and stipulates that the plaintiff in error shall prosecute his writ of error to effect, or if unsuccessful, that he will satisfy the judgment of the appellate court. An affirmance of the decree of the court of chancery, obliged the party against whom it was rendered, to pay the costs of that court, as well as those properly taxable here.

The same statute also enacts, that it shall be the duty of the clerk of the inferior court, in which the judgment or decree complained of is rendered, to issue a writ of error, with a citation, &c.; these, together with the transcript of the record in the cause, shall be delivered to the party applying for the writ of error, or his attorney, to be returned to the first day of the next term of the supreme court. [Clay's Dig. § 13.]

By the act of 1822, it is enacted, that when the supreme court shall affirm or reverse the judgment of an inferior court, it may give judgment and award execution against the unsuccessful party for the costs incurred in the supreme court, &c. [Clay's Dig. 309, 310, § 21, 22.] Previous to the passage of this statute, the court from which an appeal or writ of error was sued out, upon an affirmance or reversal of its judgment, issued an execution as well for the costs of the supreme court, as for every other matter recovered by either party. It was then the practice of the clerks of the primary courts, to tax in the bill of costs, the charges for issuing a writ of error, and citation, and making out the transcript, or any other service necessary to bring the cause before the supreme court; and to issue an execution for its collection against the party liable. This continues to be the practice in many, and we think most of the subordinate courts, and this court never has taxed these items as costs here incurred. If they were collected under an execution issued by the clerk of the supreme court, he would hold the amount for the benefit of the clerk from which the cause was sent up. The practice then, to which we have referred is altogether most convenient, and makes the clerk entitled to the money, the receiver of his own fees from the collecting officer. This practical construction of the statutes in question, furnishes a very potent reason for maintaining that it indicates the true rule on the subject. It may be added, that the services of the clerk of this court commence with docketing the cause, while the clerk of the inferior court initiates the proceeding, by issuing the writ of error and citation, and if the plaintiff in error desires it, he furnishes him the transcript. Perhaps it may be objected, that this service is all rendered after the judgment in the primary court, and therefore cannot be taxed under its

authority.    To this it may be answered, that the judgment
of this court, when (as in this case) it makes a definitive dis-
position of the cause, is, that the successful party recover the
costs of the court below.    Under such a judgment, there
can be no objection to taxing costs accruing after the cause
was there disposed of; and we incline to think, that the
practice upon this point should be followed, without refer-
ence to the form of the judgment here.

It follows from what has been said, that the judgment
must be reversed.